UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORNELL SMITH,

    Plaintiff,

  v.                                                    Case No. 09-C-0404

GARY R. MCCAUGHTRY, MATTHEW J. FRANK,
WARDEN PHIL KINGSTON, MIKE THURMER,
MARC CLEMENTS, CURT JANSSEN, STEVEN SCHUELER,
RENEE RONZANI, THOMAS CORE, MARK MELCHER,
LYNN OESTRICH, BRUCE MURASKI, DUWAYNE LONGSETH,
PHIL KUSSMAN, LIND ALSUM O'DONOVAN, CHARLIE BROWN,
DEBRA GEMPELER, SGT. GILL, POLINSKE, DARELL ALDRICH,
M. THORP, GERRITISON, JAMES MUENCHOW, BETH LIND,
RICK RAEMISCH, and WISCONSIN PAROLE BOARD COMMISSION,

    Defendants,

## DECISION AND ORDER

Pro se plaintiff Cornell Smith, a Wisconsin state prisoner incarcerated at Waupun Correctional Institution, filed this complaint under 42 U.S.C. § 1983, alleging violations of due process, equal protection, and the Eighth Amendment prohibition against cruel and unusual punishment. I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, and must dismiss a complaint or potion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a).

Plaintiff alleges that defendants enforce a discriminatory policy in violation of the Equal Protection Clause by giving priority for placement and programming to prisoners returning from an out of state transfer. As an instate inmate, he states that this priority resulted in his being passed over for rehabilitation programs and privileges such as substance abuse treatment, work-release jobs, work assignments and parole opportunities. Specifically, plaintiff alleges that defendants school director Mark Melcher and Health Services Center Captain Steven Schueler discriminated against him by hiring an inmate transferring from out-of-state instead of him. Plaintiff also contends that he filed an inmate complaint regarding Melcher and Schuler's actions, but that defendant Lind O'Donovan violated his due process rights by rejecting it and refusing to investigate. He also alleges that defendant Captain Thomas Core violated his rights to substantive due process and equal protection by placing him on institutional adjustment without proper authority, thereby restricting his ability to work in a Food Services job. Finally, plaintiff alleges that 23 different defendants discriminated against him on the basis of substance abuse and mental illness by failing to provide treatment for a "very extreme sickness," thereby violating his rights under the Eighth Amendment and the Equal Protection Clause. (Compl. 7,) He does not, however, explain how this is the case.

Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages. Plaintiff also asks for back pay for the job he should have had with Food Services, as well as his litigation costs and attorney fees.

Most of plaintiff's claims must be dismissed for failure to state a claim. First, the Wisconsin Parole Board is not a "person" within the meaning of § 1983, may not be held liable under that statute, and thus must be dismissed. Second, because plaintiff alleges

personal involvement only by defendants Melcher, Schueler, Core, and O'Donovan, all other defendants must be dismissed (except Secretary Rick Raemisch for the reasons stated below). Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994). Third, I dismiss plaintiff's due process claims because prisoners have no constitutionally protected interest in receiving or retaining work assignments. Wallace v. Robinson, 940 F.2d 243 (7th Cir. 1991) (en banc); Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000); See also Al Ghashiyah v. Litscher, No. 03-839, 2004 U.S. Dist. LEXIS 30703, 21-22 (E.D. Wis. Jan. 16, 2004) (no state created property interest in prison employment). Fourth, plaintiff fails to state a claim under either the Equal Protection Clause or the Eighth Amendment based on discrimination due to substance abuse and mental illness. Even liberally construing the complaint, the allegations fail to contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). There being no allegations beyond a bold accusation, I will dismiss the claims.

Plaintiff has two remaining equal protection claims: one against Melcher and Schueler for giving hiring priority to an out of state transferee and an official capacity claim against Wisconsin Department of Corrections Secretary Raemisch for the official statewide policy favoring transferees. See Grieveson v. Anderson, 538 F.3d 763, 771 (7th Cir. 2008). Both claims are analyzed under the rational basis test because no fundamental right is at stake and his status as a prisoner does not place him in a suspect class. United States v. Vahovick, 160 F.3d 395, 398 (7th Cir. 1998). To state a valid claim, plaintiffs' allegations must suggest some basis sufficient to overcome the presumption of rationality that applies to government classifications. St. John's United Church of Christ v. City of Chicago, 502 F.3d 616, 639 (7th Cir. 2007). At this preliminary stage, where I must liberally construe his

3

complaint, I conclude that plaintiff has a cognizable constitutional claim. Thus he may proceed against Melcher and Schueler on his equal protection claim. Plaintiff may also proceed against defendant Raemisch on an official-capacity claim. He may not, however, proceed against Core as plaintiff failed to allege any facts detailing how Core's actions violated the equal protection clause.

Finally, plaintiff moves to amend his complaint to correct unidentified errors in it. He does not however, explain what changes will be made or provide a proposed amended complaint as required by Civil L.R. 15 (E.D. Wis.). I will therefore deny the motion without prejudice, and will consider a future motion if plaintiff complies with local rule 15 appended to this opinion.

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that plaintiff's motions to amend/correct complaint (Docket #3 and 7) are **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that following partes are **DISMISSED** as defendants in this action: Gary R. McCaughtry, Matthew J. Franks, Phil Kingston, Mike Thurmer, Marc Clements, Curt Janssen, Renee Ronzani, Lynn Oestrich, Bruce Muraski, Duwayne Longseth, Phil Kussmann, Charlie Brown, Debra Gempeler, Sgt. Gill, Polinske, Darell Aldrich, M. Thorp, Gerritison, James Muenchow, Lind Beth, Lind O'Donovan, Thomas Core, and the Wisconsin Parole Board Commission.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the following defendants pursuant to Federal Rule of Civil Procedure 4: Rick Raemisch, Steven Schueler, and Mark Melcher. The

4

plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants Rick Raesmisch, Mark Melcher and Steven Schueler shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Honorable Lynn Adelman
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 25 day of February, 2010.

/s
LYNN ADELMAN
District Judge

6

Case 2:09-cv-00404-LA   Filed 02/25/10   Page 6 of 7   Document 9

## Civil L. R. 15. Amended and Supplemental Pleadings.

(a) Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

(b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.

(c) If the Court grants the motion to amend, the Clerk of Court must then file the amended pleading. For any party who has appeared in the action and was served with the proposed amended pleading, the time period to serve an answer or other responsive pleading begins when the Court grants the motion to amend. The time period for a party who has not appeared in the action to serve an answer or other responsive pleading begins to run when that party is properly served with the amended pleading.