## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

CORNELL SMITH,
      Plaintiff,

v.                                           Case No. 09-C-0404

STEVEN SCHUELER, MARK MELCHER,
and RICK RAEMISCH,
      Defendants,

## DECISION AND ORDER

Pro se plaintiff Cornell Smith filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. His motion is supported by an unsworn brief which cites to a complaint which is no longer operative due to amendment. Plaintiff's motion contains no statement setting forth stipulated facts and no statement of proposed material facts as to which he contends there is no genuine issue and which he believes entitle him to judgment as a matter of law. Such statements are required by Civil Local Rule 56(b)(1) (E.D. Wis.), which is attached. Therefore,

**IT IS ORDERED** that plaintiff's motion for summary judgment (Docket #32) is **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 28 day of June, 2010.

                                                  /s_____
                                                  LYNN ADELMAN
                                                  District Judge

**Civil L. R. 56. Summary Judgment.**

**(b) Additional Summary Judgment Procedures.** Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L. R. 7. In addition, with the exception of Social Security reviews, other actions for review of administrative agency decisions, and other actions in which a judge relieves the parties of this Rule's requirements, the following must be met:

(1) Moving Party's Principal Materials in Support of Motion. With each motion for summary judgment, the moving party must file:

    (A) a memorandum of law;

    (B) a statement setting forth any material facts to which all parties have stipulated;

    (C) a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law;

        (i) the statement shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the fact described in that paragraph;

        (ii) a moving party may not file more than 150 separately numbered statements of fact;

        (iii) failure to submit such a statement constitutes grounds for denial of the motion; and

    (D) any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(e).

(2) Opposing Party's Materials in Opposition. Each party opposing a motion for summary judgment must file within 30 days of service of the motion and the materials required by subsection (b)(1), above:

    (A) a memorandum of law;

    (B) a concise response to the moving party's statement of facts that must contain:

        (i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph,

including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and

(ii) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately-numbered statements of additional facts; and

(C) any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(e).

(3) Moving Party's Materials in Reply. A moving party may file within 14 days of the service of the opposing party's materials under subsection (b)(2), above:

(A) a reply memorandum;

(B) a reply to any additional facts submitted by the opposing party pursuant to subsection (b)(2) above, in the form prescribed in section (b)(2)(B)(i) above; and

(C) any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(e) submitted in reply.

(4) Effect of Uncontroverted Statements of Fact. The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.

(5) Stipulated Facts. Parties are encouraged to stipulate to facts. Facts so stipulated will not count against any party's allotment of proposed facts and do not require references to evidentiary support.

(6) Citations to Facts in Memoranda. Assertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts, statement of additional facts, or statement of stipulated facts.

(7) Prior Leave of Court Required to Increase the Number of Statements of Fact or Statements of Additional Fact. A party may not file any proposed statements of material fact or statements of additional fact in excess of the limit set forth in this rule unless the Court previously has granted leave upon a showing that an increase is warranted.

(8) Length of Memoranda.

(A) A principal memorandum in support of, or opposition to, summary judgment must not exceed 30 pages and a reply memorandum must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block).

(B) No memorandum exceeding the page limitations may be filed unless the Court previously has granted leave to file an oversized memorandum.

(9) Collateral Motions. Collateral motions, such as motions to strike, are disfavored.