# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CORNELL SMITH,**
       **Plaintiff,**

    v.                                             **Case No. 09-C-0404**

**STEVEN SCHUELER, et al.,**
       **Defendants,**

---

## ORDER

      Pro se plaintiff Cornell Smith, who is incarcerated at Waupun Correctional Institution ("WCI"), brought this action under 42 U.S.C. § 1983. I previously screened the complaint pursuant to 28 U.S.C. § 1915, and allowed plaintiff to proceed on an equal protection claim against defendant Wisconsin Department of Corrections ("DOC") Secretary Rick Raemisch in his official capacity to challenge a statewide policy that allegedly favored prisoners returning from an out of state transfer for work assignments and other programming and privileges. I also allowed plaintiff to proceed on his claim that defendants school director Mark Melcher and Health Services Center Captain Steven Schueler violated his equal protection rights by affording priority over plaintiff to a prisoner returning from an out of state transfer for a prison job. I subsequently granted plaintiff's request to amend the complaint, but required him to file a comprehensive amended complaint setting forth all of his claims against all defendants. The amended complaint now names thirteen

defendants in both their individual and official capacities. The matter is now before me for screening pursuant to 28 U.S.C. § 1915.[1]

Just as before, plaintiff alleges that defendants enforce a discriminatory policy in violation of the Equal Protection Clause that favors prisoners returning from an out of state transfer for various privileges and programming. However, plaintiff has not articulated how any of these defendants enforced this policy against him. As such, he will not be allowed to proceed on claims against any of the defendants in their individual capacities. See Johnson v. Snyder, 444 F.3d 579, 583 (7th Cir. 2006). However, as previously indicated, plaintiff will be allowed to proceed on a claim against defendants in their official capacity in order to challenge the policy itself. See Grieveson v. Anderson, 538 F.3d 763, 771 (7th Cir. 2008).

Plaintiff also avers that defendants Raemisch, former DOC Secretary Matthew Frank, Warden Gary McCaughtry, and WCI employee Thomas Core violated his rights by using an arbitrary policy to place him on institutional adjustment status. This policy, which appears to be different from the one discussed above, allegedly had the effect of stripping plaintiff of his privileges and benefits and giving them to other inmates solely based on favoritism. In particular, he states that he lost his prison job after only one day because

---

[1] Also pending are several other motions. First, I will grant plaintiff's request (Docket #37) to withdraw his motion for a more definite statement (Docket #36). Second, plaintiff's motion seeking to attach an addendum to his complaint (Docket #21) was rendered moot by the amended complaint, and accordingly will be denied. Third, § 1915 requires me to screen plaintiff's complaint prior to defendants' response and therefore defendants' motion for an extension of time to answer the amended complaint (docket #38) is denied as moot. Finally, the current order moots plaintiff's motion for miscellaneous relief regarding screening (Docket #43) and therefore will also be denied.

2

of his change in status. Plaintiff entitles this claim, "Arbitrary Discrimination and Substantive Due Process violation," although he later references equal protection and claims that defendants violated his due process rights by changing his adjustment status without notice or a hearing.

Because plaintiff invokes equal protection, that amendment, not the more generalized notion of substantive due process must be the guide for analyzing this claim. Koutnik v. Brown, 456 F.3d 777, 781 n.2 (7th Cir. 2006). Liberally construing plaintiff's claim, I will allow plaintiff to proceed on an equal protection claim against defendants Core, Frank, McCaughtry, and Raemisch in their individual capacities for discriminating against him in favor of other inmates and also in their official capacities to challenge the institutional adjustment policy plaintiff asserts is illegal and arbitrary. Both claims will be analyzed under the rational basis test because no fundamental right is at stake and plaintiff's status as a prisoner does not place him in a suspect class. United States v. Vahovick, 160 F.3d 395, 398 (7th Cir. 1998). Plaintiff may also proceed with a procedural due process claim for insufficient process against these defendants.

Therefore,

**IT IS ORDERED** that plaintiff's motion seeking to attach addendum of further relief (Docket #21) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a more definite statement (Docket #36) is **DENIED** and that his motion to withdraw (Docket #37) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion for an extension of time (Docket #38) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for miscellaneous relief (Docket #43) is **DENIED**.

**IT IS FURTHER ORDERED** that Clerk of Court shall docket the proposed amended complaint filed July 13, 2010, as the Amended Complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall add the following individuals as defendants in this action: Matthew Frank, Gary McCaughtry, Phil Kingston, Michael Thurmer, Thomas Core, Duwayne Longseth, Phil Kussman, Sgt. Gill, Beth Lind, and M. Thorp.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's Amended Complaint and this order are being sent today to the Attorney General for service on the defendants: Matthew Frank, Gary McCaughtry, Phil Kingston, Michael Thurmer, Steven Schueler, Thomas Core, Mark Melcher, Duwayne Longseth, Phil Kussman, Sgt. Gill, Beth Lind, M. Thorp, and Rick Raemisch.

**IT IS ALSO ORDERED** that defendants shall file a responsive pleading to the Amended Complaint.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2011.

/s
LYNN ADELMAN
District Judge