UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORNELL SMITH,

      **Plaintiff,**

  v.                Case No. 09-C-0404

MATTHEW FRANK, GARY MCCAUGHTRY,
PHIL KINGSTON, MICHAEL THURMER,
STEVEN SCHUELER, THOMAS CORE,
MARK MELCHER, DUWAYNE LONGSETH,
PHIL KUSSMAN, SGT. GILL, BETH LIND,
M. THORP, and RICK RAEMISCH,

      **Defendants,**

## DECISION AND ORDER

Now before me are plaintiff's motion to compel discovery, plaintiff's motion for enlargement of time, and his request for a hearing.

Plaintiff filed a motion to compel discovery on September 7, 2011. This motion did not contain the certification required by Federal Rule of Civil Procedure 37 and Civil Local Rule 37 (E.D. Wis.) that the plaintiff in good faith conferred or attempted to confer with the defendant in an effort to resolve the dispute before bringing his motion. On September 12, 2011, plaintiff filed a motion for enlargement of time, which appears to contain the certification that the plaintiff attempted to resolve this dispute with defendants before bringing his motion. However, the extension plaintiff requests is eight additional days for defendants to respond to his motion to compel. It was not proper for plaintiff to ask for an extension for the defendants, and this motion will be denied.

Nor did defendants need an extension of time; they filed their response to plaintiff's motion to compel on September 19, 2011. Defendants oppose plaintiff's motion to compel on three grounds: (1) in his motion, plaintiff seeks documents not requested in plaintiff's earlier discovery requests to which defendants have responded; (2) the motion does not contain the required certification of an attempt to confer regarding the discovery dispute before filing the motion; and (3) defendants stand by the objections they made in their responses to plaintiff's document requests and attach a copy of those responses.

Plaintiff then filed a letter that serves as a reply brief, as well as a request for a hearing on the motion to compel. I do not need a hearing to resolve the motions so plaintiff's request will be denied. To expedite matters, I will treat the details set forth in plaintiff's motion for enlargement of time as the required certification and consider plaintiff's motion to compel on the merits.

In his motion to compel, plaintiff seeks numerous documents relating to three other prisoners. Defendants are correct that to the extent plaintiff seeks documents in his motion to compel that were not previously requested, such requests were untimely and defendants had no obligation to respond. Accordingly, I have considered defendants' objections and responses to plaintiff's original document requests regarding the other prisoners. Defendants conducted a review of prison records and provided plaintiff with information about the documents found and referenced, but properly objected to the disclosure of confidential information regarding other prisoners. Further, defendants documented the time it would take to locate and review each individual incident report and explained that even reports located would be unable to be disclosed if they contained health or mental health related information.

Plaintiff made no argument in his motion regarding why he needs or is entitled to the documents regarding these other prisoners. In his letter filed September 22, 2011, plaintiff explained his theory that defendants have been using illegal policies to target certain inmates. He believes the documents requested will help him prove that inmates in the same situation have past conduct histories. He also suggests that he does not need the details from the reports; he wants to establish that defendants did not impose restriction against the three prisoners he named. Plaintiff's requests are still a fishing expedition, and he cannot overcome the burden a search would be for defendants or the concerns about confidentiality for the three prisoners he named.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to compel discovery (Docket #57) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for enlargement of time (Docket #58) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for a hearing (Docket #61) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of November 2011.

s/
LYNN ADELMAN
District Judge