UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CORNELL SMITH,**
        **Plaintiff,**

      v.                                          Case No. 09-CV-00404

**GARY R. McCAUGHTRY, MATTHEW FRANK,
PHIL KINGSTON, MICHAEL THURMER,
STEVEN SCHUELER, THOMAS CORE,
MARK MELCHER, DUWAYNE LONGSETH,
PHIL KUSSMAN, SGT. GILL, M. THORP,
BETH LIND, and RICK RAEMISCH,**
        **Defendants.**

---

## DECISION AND ORDER

Pro se plaintiff Cornell Smith brings this action under 42 U.S.C. § 1983 against several state officials. Before me now is defendants' motion for summary judgment on all of plaintiff's claims.

The facts in this case, when viewed in the light most favorable to plaintiff as the non-moving party, are as follows: At all times relevant to this action, plaintiff was incarcerated at Waupun Correctional Institution ("WCI") in Waupun, Wisconsin. In early 2001, defendant Mark Melcher, the Education Director, denied plaintiff a job as a janitor at the prison's school. Defendant Melcher claims he made this decision because plaintiff was listed as a full-time student, and the school does not ordinarily give jobs to full-time students. Plaintiff claims that he was only a part-time student when he applied to be a janitor, and that the real reason he was denied the job was because the Wisconsin Department of Corrections ("DOC") had a policy of favoring inmates returning from out-of-state prisons. Plaintiff avers

that all 13 defendants named in the complaint were involved with the enforcement of this policy.

Defendants admit that, prior to April 2005, the DOC gave limited preferential treatment to inmates returning from out of state. At that time, the DOC was forced to send some inmates to out-of-state prisons because of problems with overcrowding, and the DOC encouraged prison officials to give returning inmates preference when allocating certain services. The goals of this policy were to incent good behavior while serving time out of state, to demonstrate the DOC's appreciation for these inmate's cooperation, and to recognize the emotional hardship long distance placement may have caused. However, defendants aver that this policy had nothing to do with the denial of plaintiff's work application because it only applied to certain treatment programs, not education or work opportunities.

Subsequently, in January 2003 and again in May 2003, defendant Thomas Core denied plaintiff's applications for jobs in the canteen and in food services. Defendant Core denied plaintiff these jobs because of problem's with plaintiff's "Institution Adjustment." (Aff. of Thomas Core, Ex. 1007 at 12, ECF No. 85-1.) One of the criteria prison officials consider when making job placements is how well a prisoner is adjusting to life in the institution, including whether an inmate is able to maintain good behavior and follow the rules. In April 2002, plaintiff had entered another inmate's quarters and committed theft. As a result, he was placed in segregation status for 240 days. Defendant Core was concerned that plaintiff's history of theft made him a bad candidate for work in the canteen or food services because the DOC had experienced a lot of problems with food theft by

2

workers in both of these areas. He encouraged plaintiff to reapply after taking more time to prove he had positively adjusted his behavior.

After screening the amended complaint, I allowed plaintiff to proceed on an official capacity claim against all defendants under the equal protection clause challenging the policy of favoring prisoners returning from out-of-state prisons. I also allowed plaintiff to proceed on three claims against defendants Thomas Core, Matthew Frank, Gary McCaughtry, and Rick Raemisch: (1) an equal protection claim against these defendants in their official capacities for enforcing a policy that arbitrarily strips inmates of privileges based on their history of institutional adjustment, (2) an equal protection claim against these defendants in their individual capacities for discrimination against plaintiff in favor of other inmates, and (3) a claim that these defendants violated the due process clause by not giving him sufficient process when denying him job opportunities. In response to defendants' motion for summary judgment, plaintiff withdrew his claim under the due process clause. Therefore, I will only deal with the first three claims.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. Often an equal protection violation occurs when a state actor draws distinctions among people

3

based on membership in a "suspect" class, Martin v. Shawano-Gresham Sch. Dist., 295 F.3d 701, 712 (7th Cir.2002), or denies someone a fundamental right such as freedom of speech or religion, Vision Church v. Vill. of Long Grove, 468 F.3d 975, 1000 (7th Cir.2006). In this case, since there was no deprivation of a fundamental right or discrimination based on membership in a suspect class, the proper standard of review is rational basis. Id. at 1000–01. Rational basis review requires plaintiff to prove that (1) the state actor intentionally treated plaintiff differently from others similarly situated; (2) this different treatment was caused by plaintiff's membership in a particular class; and (3) this different treatment was not rationally related to a legitimate state interest. Smith v. City of Chicago, 457 F.3d 643, 650–51 (7th Cir.2006).

First, I find that plaintiff's equal protection challenge to the policy favoring inmates returning from out of state fails. Assuming plaintiff is correct and that he was denied the janitor job because of this policy, I conclude the DOC had a rational basis for making the decision it did. Inmates serving time outside Wisconsin were more likely to experience emotional hardship and were not guaranteed access to the same services as those within the state. The DOC had an interest in rectifying this inequality by offering returning inmates certain limited benefits with respect to work and education opportunities. By offering privileges to returning inmates, the DOC was also able to incent inmates to maintain good behavior while serving time out of state. Thus, the DOC did not violate the equal protection clause by denying plaintiff the janitor job.

Second, I find that plaintiff's challenge to the "institutional adjustment" policy that allegedly arbitrarily stripped inmates of privileges based on their past behavior fails because there was no such policy. As plaintiff now concedes, an inmate's history of

4

institutional adjustment was merely one factor that DOC officials considered when making individual job placement decisions.

Finally, I reject plaintiff's claim that defendants Core, Frank, McCaughtry and Raemisch violated the equal protection clause by denying plaintiff jobs in the canteen and food services based on his history of theft. The claim plaintiff presents is a class-of-one equal protection claim. Although "[t]he law concerning 'class of one' equal protection claims is in flux," Del Marcelle v. Brown Cnty. Corp., 680 F.3d 887, 888 (7th Cir. 2012), a class-of-one plaintiff must at least show "intentionally discriminatory treatment lacking a rational basis." Jordan v. Cockroft, No. 12-1633, 2012 WL 3104876, at *2 (7th Cir. Aug. 1, 2012) (citing Del Marcelle, 680 F.3d at 899, 913). Frank, McCaughtry and Raemisch were not involved in the decision to deny plaintiff's job applications, and Core, who was involved, has provided a rational basis for his decisions. According to Core, plaintiff's history of theft did not make him a good candidate for work in food services or the canteen because food theft was a persistent problem in these areas. Plaintiff attempts to undermine the rational basis for Core's decision by pointing to another inmate, James Griffin, who was allowed to work in food services despite having a lengthy history of rules of violations. However, Griffin was not written up for theft. Griffin's last conduct report prior to working in food services was for disorderly conduct and possession of contraband.

The decision Core made is exactly the type of discretionary decision contemplated by the United States Supreme Court in Engquist v. Oregon Dep't of Agriculture, 553 U.S. 591 (2008). In Engquist, the Court eliminated class-of-one claims for government employees in a case involving a former state employee laid off during agency reorganization who alleged she was fired for arbitrary and malicious reasons. Id. at 605.

5

The Court found that some types of state action inherently "involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." Id. at 603. Shortly after the Engquist decision, the Seventh Circuit held that, just as public employees cannot bring class-of-one cases against their employer, so also prosecutorial and sentencing discretion is not to be fettered by class-of-one suits. United States v. Moore, 543 F.3d 891, 899–901 (7th Cir. 2008). Thus, none of the defendants violated the equal protection clause by denying plaintiff jobs based on his history of institutional adjustment.

Because I find in favor of defendants on the merits of plaintiff's claims, I do not need to address defendants' argument that plaintiff failed to exhaust his administrative remedies prior to bringing this action.

**THEREFORE, IT IS ORDERED** that defendants' motion for summary judgment [DOCKET #68] is **GRANTED**. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of September 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge