UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CORNELL SMITH,**
    **Plaintiff,**

    v.                                  Case No. 09-CV-00404

**MATTHEW FRANK, GARY MCCAUGHTRY,
PHIL KINGSTON, MICHAEL THURMER,
STEVEN SCHUELER, THOMAS CORE,
MARK MELCHER, DUWAYNE LONGSETH,
PHIL KUSSMAN, SGT. GILL, BETH LIND,
M. THORP, and RICK RAEMISCH,**
    **Defendants.**

## ORDER

On September 11, 2012, I granted defendants' motion for summary judgment and judgment was entered the same day. Plaintiff filed a motion to reconsider on May 22, 2013, which is before me now.

Rule 60(b) of the Federal Rules of Civil Procedure enables a court to grant relief from a judgment only under the particular circumstances listed in the rule. <u>Russell v. Delco Remy Div. of Gen. Motors</u>, 51 F.3d 746, 749 (7th Cir. 1995). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his motion, plaintiff argues that, if he had been represented, he would have been able to reasonably establish that he was disabled within the definition of the Americans with Disabilities Act of 1990 ("ADA"). Plaintiff asks me to reconsider and set aside the judgment and ordering dismissing his complaint, assign plaintiff an advocate or legal representative and reopen discovery to afford a more viable and honest foundation for an evidentiary hearing and trial. Plaintiff argues that he should have been afforded the assistance of counsel due to his mental illness. Plaintiff further acknowledges that he does not have a constitutional right to employment at the prison, but argues that he does have a right to treatment for his mental illness. He reiterates that defendants failed or refused to provide him with the rights he was entitled to under the ADA, the Rehabilitative Act, and several other federal laws. Plaintiff also submits an affidavit that provides details regarding his mental health diagnosis of schizoaffective disorder and states his belief that he has been poorly serve by non-lawyer legal advocates.

On June 5, 2013, the court received an affidavit with two exhibits from another prisoner who appears to be assisting plaintiff with this case. This affidavits speaks generally about the decline in the quality of treatment for mentally ill prisoners provided by the Wisconsin Department of Corrections since 1974. This affidavit also suggests that mentally ill veterans who are confined by the Wisconsin Department of Corrections are being deprived of federally funded benefits for which they are eligible. Attached to this affidavit are two letters from the United States Department of Justice Civil Rights division, declining to pursue ADA claims on behalf of mentally ill prisoners in Wisconsin.

Ultimately, it is unclear what order plaintiff wants me to reconsider. He mentions a judgment, but not the summary judgment order. He also mentions the dismissal of his

2

Case 2:09-cv-00404-LA    Filed 06/26/13    Page 2 of 3    Document 110

"good faith" complaint, which may suggest he is challenging the screening order. Plaintiff's main focus is on the lack of counsel and how that affected his litigation of the case. Yet plaintiff never asked for counsel while the case was pending, and I cannot reconsider an issue that was never presented to me during the case.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for reconsideration (Docket #107) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of June 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge